IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2768

STATE OF COLORADO;
JENA GRISWOLD, Colorado Secretary of State,

      Plaintiffs,

v.

LOUIS DEJOY, in his official capacity as Postmaster General;
SAMARN S. REED, in his official capacity as the Denver, Colorado
Regional Postmaster;
CHRIS J. YAZZIE, in his official capacity as the Albuquerque, New
Mexico Regional Postmaster;
UNITED STATES POSTAL SERVICE,

      Defendants.

---

## COMPLAINT

Plaintiffs State of Colorado and Jena Griswold allege as follows:

1. The United States Postal Service ("Postal Service") intends to mail an official notice to all Colorado voters that provides false statements about voting in Colorado. These false statements will disenfranchise Colorado voters, including its uniform military and overseas voters; mislead them about Colorado's election procedures; infringe Colorado's Constitutional rights to conduct its elections; and

interfere with the Secretary of State's ability to oversee Colorado elections. These false statements will confuse Colorado voters, likely causing otherwise-eligible voters to wrongly believe that they may not participate in the upcoming election. This attempt at voter suppression violates the United States Constitution and federal statutes and must be stopped immediately.

2.     Plaintiffs file a motion for a Temporary Restraining Order at the same time as this Complaint.

3.     The Postal Service, operating under Postmaster General Louis DeJoy, plans to send the following official notice to voters across Colorado.

4.     This official notice has been received by voters in other states, but Colorado understands from conversations with the Postal Service that this notice will be delivered throughout Colorado early next week absent court intervention. Colorado understands that some voters in limited areas of Colorado may have received this official notice, or may receive it on Saturday, September 12.





5.   This official notice contains several false statements about voting in Colorado.

3

6.    The third bullet point—"Request your mail-in ballot (often called 'absentee' ballot at least 15 days before Election Day"—is false for several reasons. First, Colorado voters do not need to make any request to receive their ballot—all registered Colorado voters receive a ballot at the mailing address on file with election officials. Second, Colorado voters who do not have a ballot—either because they have moved and not updated their address, the Postal Service loses their ballot, or they received a ballot and misplaced it—can vote in person and request a replacement ballot closer than 15 days to election day. Third, Colorado ballots are not "mail-in ballot[s]." While voters may return voted ballots by mail, they instead may return them to voter service polling centers staffed by local election officials or place them in one of many conveniently located, secure drop-boxes. A voter who receives a mail ballot also may elect to instead vote in-person at a voter service and polling center.

7.    The fifth bullet point—"We recommend you mail your ballot at least 7 days before Election Day"—is false. Colorado voters do not need to mail their ballot to vote at all. Colorado voters may elect to instead vote in-person, return their voted ballots to voter service polling centers staffed by local election officials, or place them in one of many conveniently located, secure drop-boxes.

4

## JURISDICTION AND VENUE

8.    The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question) and 39 U.S.C. § 409 (suits against the Postal Service). The Court has jurisdiction to award the relief requested pursuant to 28 U.S.C. § 1361 (mandamus) and 28 U.S.C. § 2201 (declaratory relief and further relief).

9.    Venue in this district is proper under 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1).

10.    Defendants are United States agencies or officers sued in their official capacities. The State of Colorado and Secretary Griswold are residents of this judicial district, and a substantial part of the events or omissions giving rise to this Complaint occurred or will imminently occur within this district. In particular, on information and belief, the Postal Service has this official notice on pallets at its distribution centers in Colorado and New Mexico (and perhaps other adjoining states) and intends to deliver this official notice to Colorado voters imminently.

## PARTIES

11.    Plaintiff the State of Colorado is a sovereign state of the United States of America. This action is brought on behalf of the State of Colorado by Attorney General Philip J. Weiser, who is the chief legal

counsel of the State of Colorado, empowered to prosecute and defend all actions in which the state is a party. Colo. Rev. Stat. § 24-31-101(1)(a).

12.    Plaintiff Jena Griswold is Colorado Secretary of State and the "chief state election official." Colo. Rev. Stat. § 1-1.5-101(1)(h). Among other duties, Secretary Griswold "is the state official responsible for implementing . . . the state's responsibilities under the federal 'Uniformed and Overseas Citizens Absentee Voting Act,' 52 U.S.C. sec. 20301 et seq." Colo. Rev. Stat. § 1-8.3-104.

13.    Defendant Louis DeJoy is the Postmaster General. He is sued in his official capacity.

14.    Defendant United States Postal Service is an independent agency of the executive branch of the United States government.

15.    Defendant Samarn S. Reed is the Denver, Colorado Postmaster. He is sued in his official capacity.

16.    Defendant Chris J. Yazzie is the Albuquerque, New Mexico Postmaster. He is sued in his official capacity. Mail sent to voters who reside in Durango and Cortez, Colorado is routed through Albuquerque, New Mexico mail facilities.

## CLAIM I

## Violation of the Elections Clause

17.     Plaintiff realleges the foregoing allegations as if fully set forth herein.

18.     The Elections Clause, Article I section 4 of the United States Constitution states "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof..."

19.     By providing false information about the manner of Colorado's elections—stating that voters must request a ballot 15 days prior to the election and recommending that voters mail a ballot 7 days before Election Day—Defendants interfere with the "Times, Places and Manner of holding Elections" which the Constitution allocates to Colorado, not the Postal Service.

20.     The Postal Service statements are incorrect in several material ways: Colorado voters do not need to request a ballot at any time; if a ballot is lost for whatever reason, a Colorado voter can request a replacement ballot at any time or vote in person; and voters need not use the mail to return their ballots as they may vote in person or place them in numerous drop-boxes.

7

21.     Defendants' false statements violate Colorado's constitutional rights to establishing the "Times, Places and Manner of holding Elections."

## CLAIM II

## Violation of the Tenth Amendment

22.     Plaintiff realleges the foregoing allegations as if fully set forth herein.

23.     The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." Through this amendment, the Framers intended the States to "keep for themselves. . . the power to regulate elections." *Gregory v. Ashcroft*, 501 U.S. 452, 461-62 (1991).

24.     Defendants' misstatements interfere with Colorado's power to regulate elections and therefore deprives Colorado's constitutional rights to regulate state elections and determine the manner in which state officers will be chosen. Defendants' actions thus impermissibly interfere with the reserved authority of States and thereby violate the Tenth Amendment.

25.     Specifically, Defendants' instruction to Colorado voters to "Request your mail-in ballot (often called absentee ballot) at least 15 days before Election Day" is incorrect and will cause Colorado voters to wrongly believe they must request a ballot in order to participate in this election. Under Colorado law, all registered voters receive ballots in the mail.

26.     In addition, voters who do not receive a ballot due to typical mishandling or errors in the mail or who misplace the ballot they receive will wrongly believe that because they did not request a ballot at least 15 days before the election they cannot vote in this election. In fact, Colorado voters can vote in person on election day or request a replacement ballot at any time prior to the election. Defendants' false statements will prevent eligible Colorado voters from participating in this election.

27.     In addition, this incorrect instruction will result in a significant increase in questions posed to Colorado election officials by voters, taking time away from administering the election and unnecessarily burdening Colorado's election officials.

28.     Defendants' actions will cause imminent, irreparable harm to the States' ability to regulate state and local elections for officers and ballot initiatives, including proposed constitutional amendments.

## CLAIM III

### Violation of the Constitutional Right to Vote

29.    Plaintiff realleges the foregoing allegations as if fully set forth herein.

30.    The United States Constitution guarantees that "all qualified voters have a constitutionally protected right to vote . . . and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

31.    This right arises from multiple constitutional provisions, including (1) Article I, section 2, clause 1, which provides that members of the United States House of Representatives are "chosen . . . by the People of the several States"; (2) Article IV, section 2, clause 1, which provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States," and, therefore, the right to vote for national officers is a right and privilege of national citizenship that is protected by article IV, section 2, clause 1; and (3) the Seventeenth Amendment which provides that United States Senators are "elected by the People of" each State.

32.    By wrongly stating that Colorado voters must request a ballot in order to participate in this election, that certain deadlines apply to requesting or mailing ballots, that voters cannot receive a replacement ballot or vote in person, and that voters should use the Postal Service to

10

return ballots, Defendants' actions interfere with the ability of residents of Colorado to timely receive and return ballots and have their votes counted, thereby burdening the right to vote of residents of the Plaintiff States.

33.   Defendants' actions also interfere with Colorado's constitutional interests in choosing the method of electing national officers that respects this constitutional right to vote. Colorado has an interest in conducting elections, under its Constitutional authority, that honor this constitutional right of their residents. In addition, Colorado has selected methods for state elections that frequently follow the procedures used for selecting national offices, which would be similarly interfered with by Defendants and Colorado has an interest in the state elections allowing for their residents to exercise their right to vote. These state interests are separate and in addition to Colorado residents' interests in their constitutional right to vote.

34.   Defendants' actions are not supported by any interest that justifies this serious burden on the right to vote.

35.   Defendants' actions thus violate the right to vote guaranteed by the United States Constitution and Colorado's interest in having elections that respect that right to vote.

## CLAIM IV

### Violation of 52 U.S.C. § 10101

36.    Plaintiff realleges the foregoing allegations as if fully set forth herein.

37.    52 U.S.C. § 10101(b) states "No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President, Vice President, presidential elector, Member of the Senate, or Member of the House of Representatives, Delegates or Commissioners from the Territories or possessions, at any general, special, or primary election held solely or in part for the purpose of selecting or electing any such candidate."

38.    52 U.S.C., §20510(b) provides a private right of action to any person "aggrieved by a violation of [Chapter 52 of the US Code]."

39.    Defendants' false statements about Colorado law violate section 10101(b) by intimidating, coercing, attempting to intimidate, and/or attempting to coerce Colorado voters not to vote in the upcoming election.

40.     Some Colorado voters who would otherwise vote under the guidance of Colorado election officials will be confused by the false statements by the Postal Service and will not vote in the upcoming elections because 1) they falsely believe they must request a ballot to participate; 2) they wrongly think that if they did not receive a ballot they may not vote because they did not request one 15 days prior to the election; or 3) they erroneously believe that they must mail their ballot back 7 days prior to the election when, in fact, they can vote in person on election day and, throughout the state, deliver their voted ballot to a drop-box or voter service and polling center staffed by local election officials without using the Postal Service.

41.     Defendants' actions therefore violate 52 U.S.C. §10101 and Colorado and the Secretary have authority to stop this violation.

## CLAIM V

## Violation of the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20302(a)(1)

42.     Plaintiff realleges the foregoing allegations as if fully set forth herein.

43.     The federal Uniformed and Overseas Citizens Absentee Voting Act ("the Overseas Voting Act") guarantees absent uniformed services voters and overseas voters the right to vote by absentee ballot in

general, special, primary, and runoff elections for federal office. 52 U.S.C. § 20302(a)(1).

44. Colorado has adopted the Overseas Voting Act within its Election Code. *See* Colo. Rev. Stat. § 1-8.3-101, *et seq.*

45. Secretary Griswold "is the state official responsible for implementing this article and the state's responsibilities under the federal 'Uniformed and Overseas Citizens Absentee Voting Act', 52 U.S.C. sec. 20301 et seq." Colo. Rev. Stat. § 1-8.3-104(1).

46. The Overseas Voting Act requires states to, among other things, "permit absent uniformed services voters and overseas voters . . . to vote by absentee ballot" and to "establish procedures" for providing absentee ballot forms to such voters. 52 U.S.C. § 20302(a)(1), (6).

47. The federal law, and the implementing state law, permit absent uniformed services voters and overseas voters to receive and return their ballots by electronic means. 52 U.S.C. § 20302(e); C.R.S. § 1-8.3-113.

48. Some of the Postal Services' notices are likely to be mailed to voters who will be voting pursuant to the procedures established by the Overseas Voting Act. In addition, family members and loved ones of those voting in Colorado pursuant to the Overseas Voting Act will be receiving these notices.

49.     Some Colorado voters who are absent uniformed services voters and overseas voters and who would otherwise vote under the guidance of Colorado election officials will be confused by the false statements by the Postal Service and will not vote in the upcoming elections because 1) they falsely believe they must request a ballot to participate; 2) they wrongly think that if they did not receive a ballot they may not vote because they did not request one 15 days prior to the election; or 3) they erroneously believe that they must mail their ballot back 7 days prior to the election when, in fact, they can vote by electronic means without using the Postal Service.

## PRAYER FOR RELIEF

Plaintiffs request that the Court enter judgment against Defendants and award the following relief:

1.      Issue a Temporary Restraining Order and/or injunction prohibiting Defendants from delivering the official notice to any Colorado voter;

2.      Award the Plaintiffs their costs and reasonable attorneys' fees; and

15

3.      Award such additional relief as the interests of justice

may require.

PHILIP J. WEISER
Attorney General


s/Eric Olson
ERIC OLSON*
Solicitor General
LEEANN MORRILL*
First Assistant Attorney General
EMILY BUCKLEY
Assistant Attorney General
MICHAEL KOTLARCZYK
Assistant Attorney General
PETER BAUMANN
Campaign Finance Fellow

Attorneys for Plaintiffs

Ralph L. Carr Colorado Judicial
  Center
1300 Broadway,  Floor
Denver, Colorado  80203
Telephone:  303-892-7400

E-Mail:  eric.olson@coag.gov
         Leeann.morrill@coag.gov
         Emily.buckley@coag.gov
         Mike.kotlarczyk@coag.gov
         Peter.baumann@coag.gov

*Counsel of Record
16