IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02768-WJM-STV

STATE OF COLORADO and SECRETARY OF STATE JENA GRISWOLD

    Plaintiffs,

v.

LOUIS DEJOY, in his official capacity as Postmaster General; UNITED STATES POSTAL SERVICE; SAMARN S. REED, in his official capacity as the Denver, Colorado Postmaster; and CHRIS J. YAZZIE, in his official capacity as the Albuquerque, New Mexico Postmaster,

    Defendants.

## TEMPORARY RESTRAINING ORDER

The Court GRANTS Plaintiffs the State of Colorado and Secretary of State Jena Griswold's Motion for Temporary Restraining Order against Defendants. This Court enters this Temporary Restraining Order on September ___, 2020 at _____ __.M. Fed. R. Civ. P. 65(b)(2). This Order expires on _____, 2020 at _____ __.M.

The Court enjoins Defendants from delivering by mail to Colorado households the official notices attached as Exhibit A to the declaration of Judd Choate, Director of Elections for the Colorado Secretary of State.

The Court finds Plaintiffs have shown "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may

cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted).

Defendants received actual notice of this matter prior to entry of this Temporary Restraining Order by Plaintiffs' service of the complaint, motion for temporary restraining order, and supporting documents on Assistant United States Attorney Kevin Traskos. Further, notice to Defendants before entering this Temporary Restraining Order is not necessary. Fed. R. Civ. P. 65(b)(1). The allegations in Plaintiffs' Complaint and the declaration of Mr. Choate "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiffs and Colorado voters] before [Defendants] may be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Plaintiffs certified that pursuant to Local Rule 65.1(a)(1), on September 12, 2020, they provided actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date to opposing counsel by emailing copies of all such documents to Assistant United States Attorney Kevin Traskos contemporaneously with the filing of the motion for temporary restraining order. *See also* Fed. R. Civ. P. 65(b)(1).

Plaintiffs do not need to post a security bond because enjoining Defendants from delivering the official notices by mail does not interfere with Defendants' rights. Fed. R. Civ. P. 65(c).

BY THE COURT

_____
Judge, United States District Court