**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-2768-WJM

STATE OF COLORADO, and
JENA GRISWOLD, Colorado Secretary of State,

      Plaintiffs,

v.

LOUIS DEJOY, in his official capacity as Postmaster General,
SAMARN S. REED, in his official capacity as the Denver, Colorado Regional
Postmaster,
CHRIS J. YAZZIE, in his official capacity as the Albuquerque, New Mexico Regional
Postmaster, and
UNITED STATES POSTAL SERVICE,

      Defendants.

---

## TEMPORARY RESTRAINING ORDER

---

Plaintiffs State of Colorado and Secretary of State Jena Griswold (jointly,

"Plaintiffs"), file this lawsuit against Louis DeJoy, in his official capacity as Postmaster

General, Samarn S. Reed, in his official capacity as the Denver, Colorado Regional

Postmaster, Chris J. Yazzie, in his official capacity as the Albuquerque, New Mexico

Regional Postmaster, and the United States Postal Service (collectively, "Defendants")

to enjoin Defendants from delivering by mail to Colorado households a notice regarding

the 2020 election.[1]

Currently before the Court is Plaintiffs' Motion for a Temporary Restraining Order

---

[1] A copy of the notice at issue in the Motion ("Notice") is attached as Exhibit A to the
Declaration of Judd Choate, Director of Elections for the Colorado Secretary of State.  (ECF
No. 8-2.)

("TRO") (the "Motion"), which was filed earlier today, September 12, 2020.  (ECF No. 8.) Given that Plaintiffs also request an injunction in their prayer for relief in their Complaint (ECF No. 1 at 15), the Court will construe the Motion as seeking both a TRO and a preliminary injunction.  As to the TRO portion of this motion, the Court finds and concludes as follows.

## I.  LEGAL STANDARD

"A party seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest."  *NRC Broad. Inc. v. Cool Radio, LLC*, 2009 WL 2965279, at *1 (D. Colo. Sept. 14, 2009).  The balance of the harms and public interest factors merge when the government is a party.  *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

## II. ANALYSIS

**A.      Substantial Likelihood of Success on the Merits**

On this record, the Court finds a substantial likelihood of success on the merits. Under Article I, section 4, clause 1 of the United States Constitution, the States have the sole authority to determine the "Times, Places and Manner of holdings Elections for Senators and Representatives," subject to the supervisory power of Congress to "make or alter such Regulations."  This power is "comprehensive" and

> embrace[s] authority to provide a complete code for
> congressional elections, not only as to times and places, but
> in relation to notices, registration, supervision of voting,
> protection of voters, prevention of false and corrupt
> practices, . . . in short, to enact the numerous requirements
> as to procedure and safeguards which experience shows
> are necessary in order to enforce the fundamental right
> involved.

*Smiley v. Holm*, 285 U.S. 355, 366 (1932).  In 2013, Colorado passed the Voter Access and Modernized Elections Act, 2013 Sess. Laws 681, under which all registered voters are sent a mail ballot.  (ECF No. 8-1 ¶¶ 4, 6.)

The Notice provides false or misleading information about the manner of Colorado's elections by stating that voters should "[r]equest [their] mail-in ballot (often called 'absentee' ballot) at least 15 days before Election Day" and "mail [their] ballot at least 7 days before Election Day."  (¶ 4; ECF No. 8-2.)[2]  In reality, Colorado voters do not need to request a ballot at any time.  (¶ 6.)  Voters who receive a ballot do not need to mail the ballot back at least 7 days before the election; they may alternatively deposit that ballot at a drop-box or may choose to vote in person up to and including on election day.  (¶ 7.)  If a ballot is lost for whatever reason, a Colorado voter can request a replacement ballot at any time or vote in person.  (¶ 6.)  Thus, the Notice, which provides patently false information regarding Colorado elections, jeopardizes Colorado's constitutional right to establish the "Times, Places and Manner of holding Elections."[3]

---

[2]  All "¶" citations, without more, are to the Complaint.  (ECF No. 1.)

[3]  For the same reasons, Plaintiffs have also shown a likelihood of success on their argument that Defendants' mailing of the Notice violates the Tenth Amendment, which grants States the authority to administer elections.  U.S. Const., amend. X; *Gregory v. Ashcroft*, 501

Plaintiffs have also shown that the Notice likely interferes with Colorado citizens' fundamental right to vote.  *See Tashjian v. Rep. Party of Conn.*, 479 U.S. 208, 217 (1986)(recognizing that the right to vote is a fundamental right).  As stated above, the Notice gives Colorado voters false and misleading instructions about how they should vote in the 2020 election and does not advise voters of alternative methods to cast their ballot.  As a result of false information contained in the Notice, some Colorado voters may not vote because they erroneously believe that: (1) they must request a ballot at least 15 days before the election; (2) they must mail their ballot at least 7 days prior to the election; or (3) they may not vote if they lose their ballot.

Assuming the factual accuracy of Plaintiffs' allegations in the Motion, the Court is deeply troubled by the challenged conduct intentionally undertaken by these Defendants.  Accordingly, the Court finds that Plaintiffs have shown a likelihood of success on the merits.[4]

## B.      Irreparable Harm Unless the Injunction is Issued

The Court finds that Colorado will suffer irreparable harm if the Notice is delivered to Colorado households and that no adequate remedy exists to undo or mitigate Colorado's injury.  As Plaintiffs contend, the harm caused to Colorado and its residents implicate basic constitutional rights, namely, Colorado's right to determine the time, place and manner of its elections, as well as Colorado voters' fundamental right to

---

U.S. 452, 461–62 (1991) ("[T]he Framers of the Constitution intended the States to keep for themselves, as provided in the Tenth Amendment, the power to regulate elections." (internal citations and quotation marks omitted)).

[4]  Because Plaintiffs have shown a likelihood of success on their constitutional claims, the Court need not address their statutory claims at this time.

have their votes counted. *See Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir.

2012) ("A restriction on the fundamental right to vote . . . constitutes irreparable injury.");

*Fleming v. Gutierrez*, 2014 WL 12650657, at *10 (D.N.M. Sept. 12, 2014) (recognizing

plaintiffs "would certainly be irreparably harmed if they are unable to vote because of

another mismanagement of the election"); *Garbett v. Herbert*, 2020 WL 2064101, at *15

(D. Utah Apr. 29, 2020) (holding the potential of being "unjustifiably shut out from an

elections constitutes irreparable injury").

Moreover, the harm to Colorado and its residents will occur as soon as the

Notice is distributed to its voters.  *See Fish v. Kobach*, 840 F.3d 710, 751 (10th Cir.

2016) (recognizing that irreparable injury exists where a court is unable to remedy the

harm following a final determination on the merits).  Colorado voters have been

repeatedly informed that they do not need to request a ballot to vote in the 2020

election.  (¶ 6.)  The Notice, if distributed, will sow confusion amongst voters by

delivering a contradictory message.  For example, Colorado voters may wonder

whether the Colorado's election laws have changed; wonder whether their voter

registration has lapsed; wonder whether they need to request a ballot; wonder whether

they need to mail their ballot at least 7 days prior to the election; or wonder whether

they can no longer submit a ballot if they have not mailed their ballot at least a week

before the election.  Even if a subsequent corrective communication is sent to Colorado

voters, voters will be left to decide which of the contradictory communications to

believe.

Accordingly, the Court finds that Plaintiffs have shown that Colorado and its

residents will suffer irreparable harm unless the TRO is issued.

## C.    Balance of Harms and Public Interest

The Court further finds that the balance of harms and public interest weigh heavily in favor of temporarily restraining Defendants from mailing the Notice to Colorado residents.  After all, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights."  *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1147 (10th Cir. 2013).  The Court recognizes that removing the Notice from circulation may impose limited burdens on Defendants.  Such burdens, however, pale in comparison to the potential disenfranchisement of registered voters within Colorado and are insufficient to tilt the balance of the equities in the Defendants' favor.  *See Fish*, 840 F.3d at 755 (recognizing that imminent disenfranchisement outweighs potential light administrative burdens).

The Court therefore finds that the balance of harms and public interest weigh in favor of the issuance of a TRO.

## D.    Issuance of a TRO Before Defendants Can Appear or Respond

To obtain a temporary restraining order before the party to be restrained has an opportunity to appear and respond, a plaintiff must present

> (A) specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney['s] certifi[cation] in writing [regarding] any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  As for requirement "A," Plaintiffs provide a sworn declaration from Judd Choate, the Director of Elections for the Colorado Secretary of State, on

6

which the Court has relied to discern the facts meriting a TRO.  The Court finds that Plaintiffs have made a sufficient showing that a TRO should issue without further notice, so that the Notice is not immediately distributed to Colorado households.  As for requirement "B," Plaintiffs have indicated that they have emailed notice of the action to Defendants' counsel.  (ECF No. 6 at 2.)  Plaintiffs have also complied with D.C.COLO.LCivR 65.1, describing their efforts to communicate with Defendants' counsel.  (ECF No. 6 at 2.)

## E.    Whether To Issue a Bond

Rule 65(c) states that this Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Although phrased as mandatory, in practice the Court has discretion under this Rule whether to require a bond, particularly in public interest cases involving the fundamental rights of citizens.  *See* 11A Charles Alan Wright et al., *Federal Practice & Procedure* § 2954 n.29 (3d ed., Apr. 2017 update) (citing public rights cases where the bond was excused or significantly reduced).  The Court finds that waiving the bond is appropriate in this case.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiffs' Motion for Temporary Restraining Order (ECF No. 8) is
        GRANTED;

2.      That portion of Plaintiffs' Motion which the Court has construed as a motion for a preliminary injunction remains under advisement;

3.      Defendants Louis DeJoy, Samarn S. Reed, Chris J. Yazzie, the United States Postal Service, as well as their officers, directors, agents, employees, successors and assigns, and all other persons in active concert or participation with them, are hereby IMMEDIATELY ORDERED AND RESTRAINED from delivering by mail to Colorado households the official notices attached as Exhibit A to the Declaration of Judd Choate, Director of Elections for the Colorado Secretary of State (ECF No. 8-2);

4.      This Temporary Restraining Order shall remain in effect until **11:59 p.m. on September 22, 2020**, unless extended by the Court for good cause;

5.      Plaintiffs shall send or deliver a copy of this Order to counsel for Defendants by any means (including multiple means, if appropriate) reasonably calculated to reach counsel for Defendants as soon as practicable.  Not later than **9:00 a.m. on September 14, 2020**, Plaintiffs shall file a Certificate of Service confirming their compliance with this directive;

6.      Defendants shall respond to the construed motion for a preliminary injunction by no later than **12:00 p.m. on Tuesday, September 15, 2020**. If Defendants have not been provided actual notice of Plaintiffs' filings and a copy of this Order by 8:00 a.m. on September 14, 2020, Defendants may seek an extension of this filing deadline;

8

7.    Plaintiffs shall file a reply in further support of their construed motion for a preliminary injunction by no later than **12:00 p.m. on Wednesday, September 16, 2020**;

8.    No later than **9:00 a.m. on Thursday, September 17, 2020,** Defendants are ORDERED to file with this Court an accounting of **all** notices which are the same, or substantially the same, as the Notice attached as Exhibit A to the Declaration of Judd Choate, and which have already been mailed to postal patrons within the State of Colorado. This accounting will, at a minimum, include the number of such notices mailed to Colorado postal patrons broken down by the first three digits of the destination U.S. Postal Service Zip Code, *viz.,* **800 through 816**; and

9.    A hearing on Plaintiffs' construed motion for preliminary injunction will be held on **Friday, September 18, 2020 at 9:30 a.m. in Courtroom 801A** in the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado, 80294. Among other things, counsel should be prepared at this hearing to address, in the event this Court grants Plaintiffs' construed Motion for Preliminary Injunction, the issue of what steps it may be necessary and appropriate for this Court to order in light of the Notices already mailed and accounted for by the Defendants in Paragraph 8.

Entered at Denver, Colorado this **12th day of September, 2020 at 6:55**

**p.m.**, Mountain Daylight Time.

BY THE COURT:

_____
William J. Martinez
United States District Judge