# Exhibit 1

*Declaration of Justin Glass*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02768-WJM-STV

STATE OF COLORADO, and
JENA GRISWOLD, Colorado Secretary of State,

      Plaintiffs,

v.

LOUIS DEJOY, in his official capacity as Postmaster General,
UNITED STATES POSTAL SERVICE,
SAMARN S. REED, in his official capacity as Denver, Colorado Postmaster, and
CHRIS J. YAZZIE, in his official capacity as Albuquerque, New Mexico Postmaster,

      Defendants.

**DECLARATION OF JUSTIN GLASS**

I, Justin Glass, pursuant to 28 U.S.C. § 1746, state as follows:

1. I am employed by the Postal Service as the Manager, Operations Industrial Engineering, at Postal Service headquarters in Washington, D.C. I have held that position since April 2018. I have worked for the Postal Service since July 2005.

2. Since May 2020, I have been detailed as Director, Election Mail, an executive position assigned to the Postal Service's Election Task Force, which is a cross-functional team of postal managers and support personnel responsible for overseeing the Postal Service's election mail efforts. Those efforts include coordinating with state and local officials regarding plans for distributing ballot materials and return voter ballots. We work with election agencies to inform

1

them of our mail processing procedures and timelines and to urge them to plan their voting guidelines for earlier voting.

3. I have read the declaration submitted in this matter by Judd Choate, Director of Elections for the Colorado Secretary of State. In paragraphs 25-27, Mr. Choate sets forth his recollection of our conversation. I agree that I did have a conversation with Mr. Choate but strongly disagree with his characterization of parts of our conversation.

4. As an initial matter, Mr. Choate told me he was "apoplectic" and "beside [himself]" that the Postal Service was sending the postcard. I advised him that it was part of national voter outreach effort that was designed to provide generic guidance to voters on voting by mail. Indeed, the essential messages of the postcard are: (a) consult with your local election authorities; and (b) plan ahead and vote early. The postcard by its terms is neither directive, nor mandatory.

5. In Paragraph 26 of his declaration, Mr. Choate asserts that I "admitted" that the postcard "incorrectly *directs* Colorado voters to request a 'mail-in ballot'," and that I "understood" that the "Postal Service was *directing* Colorado voters to take an unnecessary step." That is not accurate. I advised him that because the Postal Service issued the mailing to all 50 states, the messaging was intentionally designed to be generic advice and that the very first recommended step was for voters to consult with their election authorities because, as the card reads, "Rules and dates vary by state."

6. I further told Mr. Choate that I disagreed that the mailing was misleading. Rather, for Colorado voters, the recommendation to request a mail-in ballot would simply be unnecessary. I

also noted that at least for some people residing in Colorado, who are registered to vote in another state, requesting an absentee ballot is indeed appropriate.

7. In Paragraph 27, Mr. Choate asserts that I expressed a willingness to work with his office regarding messaging specific to Colorado. I did agree to work with his office and the Postal Service remains willing to do so. However, it is inaccurate to suggest that there was a need to correct an "error" or that the postcard itself contains an "erroneous message."

8. Based on my experience, such joint messaging efforts by the Postal Service and an election authority can be effective in conveying to voters the voting process. In this case, there remains ample time in advance of the general election to work together.

Dated this 12th day of September 2020.

*s/ Justin Glass*
Justin Glass
Manager, Operations Industrial Engineering
United States Postal Service